PHILIP M. BERNSTEIN, Respondent, *v.* JOSEPH A. BERNSTEIN, Appellant.

Second Department, June 1, 1923.

**Landlord and tenant — action by landlord based on failure of tenant to comply with terms of lease requiring him to pay taxes — lease provided that tenant should pay one-half of taxes on increase in assessment — assessment on parcel on which building is situated is to be used in determining defendant's liability — defendant is only liable to pay one-half of taxes on increase in assessment.**

In an action by a landlord to recover from the tenant under a clause in the lease which provided that if at any time after April 1, 1920, the building, of which the premises formed a part, shall be assessed for taxation in excess of the assessment made for the year 1914, then the tenant should pay upon demand an amount equal to one-half of the tax upon such excess, it appeared that the lease stated that the building constituted premises described in a certain deed, whereas in fact the building leased was not entirely upon the premises described in that deed; that the premises upon which the building was built had been assessed in one parcel in 1914, prior to the execution of the lease; and that both parties to the lease knew the manner in which the premises were assessed.

*Held*, that the lease related to the premises on which the building actually stood and not merely to the premises conveyed by the deed recited in the lease;

That the contract or agreement was made with the assessment of 1914 in mind, and if upon the assessment roll the parcel upon which the building is situated contained other premises, that same parcel is to be used in determining whether the assessment has been increased for the taxes of 1920;

That the defendant is not obligated to pay one-half of the increase in taxes over the year 1914, but only one-half of the taxes upon the increase in the assessment.

APPEAL by the defendant, Joseph A. Bernstein, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Nassau on the 7th day of June, 1922, upon the verdict of a jury rendered by direction of the court.

*Harry W. Moore* [*H. Stewart McKnight* and *Allen P. Hallett* with him on the brief], for the appellant.

*I. L. Broadwin*, for the respondent.

JAYCOX, J.:

The complaint sets forth two causes of action — the first for waste and the second for failure to comply with the terms of a lease by which the defendant (tenant) was to pay certain taxes. The defendant answered, denying the allegations of the complaint except the lease, and set up two counterclaims. Upon the trial the plaintiff offered no evidence in support of his first cause of action and the defendant offered no evidence in support of his two counterclaims. The first cause of action and the two counterclaims were dismissed.

The lease upon which the second cause of action is based was executed between the plaintiff, as landlord, and the defendant, as tenant, on the 9th day of April, 1915. It was for a period of ten years, with a provision for a renewal for a further term of five years. It contained this clause which is the basis of the cause of action upon which the plaintiff has been granted judgment:

" 15th. Should at any time after April 1st, 1920, the building of which the said premises hereby letten form a part, be assessed for the purpose of taxation in excess of the assessment made for the purpose of taxation in the year 1914, then and in that event and as often as such assessment shall be in excess of such assessment made in the year 1914, the said tenant will pay upon demand to the landlord an amount equal to one-half of the tax upon such excess; the said building being the premises described in a deed from Gertrude T. Kirk to Philip M. Bernstein and Joseph A. Bernstein, bearing date the 12th day of May, 1901, and recorded in the office of the Clerk of the County of Nassau in Liber 19, page 133, of deeds, on the 23rd day of May, 1901."

The testimony shows that the store leased to the defendant is not entirely upon the premises purchased from Kirk, mentioned in the lease. The testimony further shows that the premises upon which the store is built were in 1914 all assessed in one parcel. The plaintiff and defendant before the time the lease was executed had been partners in business and had owned the premises purchased from Kirk and other premises jointly. I think it is fair to hold that they contracted with full knowledge of the manner in which the premises were assessed. I think it would do violence to common sense to hold that they made a contract utterly incapable of performance. If it be held that their contract related only to the premises covered by the Kirk deed and those premises were not separately assessed, then there was no basis upon which it could be determined whether there had been an increase of assessment or not. I think, therefore, it must be held that the contract or agreement was made with the assessment of 1914 in mind and if upon the assessment roll the parcel upon which the store is situated contained other premises, that same parcel is to be used in determining whether the assessed value has been increased for the taxes of 1920. The judgment herein awards the plaintiff one-half of the increase in taxes over the year 1914. This, I think, was error. The defendant did not agree to pay such increase in taxes. He agreed to pay one-half of the taxes upon the increased assessment. That " assessment " and " tax " were not used as synonymous terms is made perfectly clear by the language used. It provides in case of increase of assessment over the assessment for the year

1914, " the said tenant will pay upon demand to the landlord an amount equal to one-half of the tax upon such excess." The tax bill for 1914 in evidence contains two parcels. The plaintiff testified that the premises are all embraced within one assessment. Therefore, but one of these parcels can be considered. The premises leased were described as being located at the corner of Glen and Mills streets. The first parcel of the premises in the tax bill of 1914 is similarly described. This parcel is assessed for $10,000. One of the tax bills for 1920 contains the same description. The parcel thus described is assessed at $16,000. The increase of assessment, therefore, is $6,000. The rate as shown by the bill in evidence is $4.59 per $100. The tax upon the excess assessment is $275.40. One-half of this is $137.70. This is the amount the plaintiff is entitled to recover from the defendant.

At the conclusion of the evidence both parties requested the direction of a verdict. The court directed a verdict in favor of the plaintiff for $298.27. The verdict should be reduced to $137.70 and the judgment modified accordingly. The judgment as thus modified should be affirmed, without costs.

Present — KELLY, P. J., RICH, JAYCOX, MANNING and KAPPER, JJ.

Judgment modified by reducing the verdict to the sum of $137.70, and as modified unanimously affirmed, without costs.